**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OSCAR GALICIA<br>c/o Zipin, Amster & Greenberg, LLC<br>836 Bonifant Street<br>Silver Spring, MD 20901<br><br>PLAINTIFF,<br><br>v.<br><br>TAPPER, LLC<br>d/b/a Floriana Restaurant<br>1602 17th Street, NW<br>Washington, DC 20009<br><br>Serve: Dino Tapper<br>1809 20th Street NW #54<br>Washington, DC 20009<br><br>DINO TAPPER<br>1809 20th Street NW #54<br>Washington, DC 20009<br><br>DEFENDANTS. | * | Case: ______________ |

***********************************************************************

**COMPLAINT**

Plaintiff Oscar Galicia ("Cruz" or "Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendants Tapper, LLC d/b/a Floriana Restaurant and Dino Tapper (hereinafter collectively "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and for unpaid overtime wages and damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA") as set forth below.

**PARTIES AND JURISDICTION**

1. Plaintiff is an adult resident of the District of Columbia. By participating

as the named Plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA and DCMWA.

2. Tapper, LLC is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. Tapper, LLC is an Italian restaurant operating in the District of Columbia.

3. Dino Tapper owns and operates Tapper, LLC.

4. At all times during Plaintiff's employment, Defendants served food products that originated and otherwise traveled outside of Washington, D.C. and the United States and thus Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

5. On information and belief, each year during Plaintiff's employment, Defendants' gross revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely food products) that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

7. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employer" for purposes of the FLSA and DCMWA.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or

proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

**FACTS**

9. During Plaintiff's employment, Dino Tapper owned and operated Tapper, LLC.

a. During Plaintiff's employment, Dino Tapper had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

b. During the period of Plaintiff's employment, Dino Tapper supervised the work duties of Plaintiff to ensure his work was of sufficient quality.

c. During the period of Plaintiff's employment, Dino Tapper set and controlled the work schedule or had the power to set and the work schedule of Plaintiff.

d. During the period of Plaintiff's employment, Dino Tapper set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiff.

e. During the period of Plaintiff's employment, Dino Tapper controlled, and was in charge of, the day-to-day operations of Tapper, LLC.

10. Oscar Galicia was employed by Defendants from about September 1, 2012 until February 2, 2015.[1] Plaintiff primarily worked as a dishwasher.

11. During Plaintiff's entire employment period, Plaintiff typically and customarily worked roughly 74 hours per week. Defendants had knowledge and suffered or permitted Plaintiff to work approximately 74 hours per week.

---

[1] During this time, Plaintiff took an extended leave for a period of several months.

12. Defendants originally paid Plaintiff a salary. Initially, Defendants paid Plaintiff a salary of $600.00 per week. Plaintiff was thereafter given a raise to $700.00 per week.

13. Plaintiff's salary did not compensate Plaintiff for the overtime hours he worked over forty in each week. Defendants failed to pay Plaintiff time and a half his regular rate for the hours he worked over forty.

14. At no time did Plaintiff perform work that meets the definition of exempt work under the DCMHA or the FLSA.

15. Defendants' failure and refusal to pay Plaintiff, as required by the FLSA and the DCMWA, was willful and intentional, and was not in good faith. This is evidenced by, among other things, the fact that Defendants took active steps to hide the number of hours that Plaintiff was working. Plaintiff's paycheck does not demonstrate the number of hours that Plaintiff worked and is often broken down into two payments. Additionally, Defendants' paycheck states that Plaintiff is a contractor, when he was clearly an employee.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

16. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

17. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

18. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

19. Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate for all hours worked per week in excess of forty (40).

20. As set forth above, while in Defendants' employ, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours in excess of forty (40) each week during each of their employment.

21. As set forth above, Defendants failed and refused to pay Plaintiff any wages for all overtime hours worked each week in excess of forty (40).

22. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
## Violation of D.C. Minimum Wage Act Revision Act of 1992
## (Overtime)

23. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

24. Plaintiff was Defendants' "employees," and Defendants were Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

25. Defendants, as Plaintiff's employer under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

26. As set forth above, while in Defendants' employ, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours in excess of forty (40) each week during their employment.

27. As set forth above, Defendants failed and refused to compensate Plaintiff any wages for all overtime hours worked each week in excess of forty (40).

28. Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
836 Bonifant St.
Silver Spring, MD 20815
Telephone: 301-587-9373
Fax: 301-587-9373
mamster@zagfirm.com

*Counsel for Plaintiff*